FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

Shaun J McHugh           )
                         )
    Plaintiff.           )
                         )
-v-                      )        Civil Action
                         )
RICHARD J BOUDREAU & AS  )        No. 13-CV-10563
RICHARD J BOUDREAU & ASSOCIATES, LLC )
                         )
    Defendants           )
                         )

## COMPLAINT

1. Plaintiff, Shaun J. McHugh, hereby sues Defendants, RICHARD J BOUDREAU & AS ("Richard J. Boudreau & AS"), an unknown entity and RICHARD J BOUDREAU & ASSOCIATES, LLC ("Richard J. Boudreau & Associates, LLC") a New Hampshire Corporation with an office in Massachusetts.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p. This court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C.§ 1367a and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C.§1391(b).

## PARTIES

3. Plaintiff, Shaun McHugh, is a natural person and is a resident of the State of Massachusetts, county of Suffolk..

4. Plaintiff is a "consumer" within the meaning of the FDCPA 15 U.S.C.§1692a(3), as well as within the meaning of the FCRA 15 U.S.C.§1681a(c)

5. Defendant, RICHARD J BOUDREAU & AS ("Richard J. Boudreau & As") is an unknown entity not authorized to do business in Massachusetts.

6. Defendant, RICHARD J BOUDREAU & ASSOCIATES, LLC ("Richard J. Boudreau & Associates, LLC"), is a New Hampshire Corporation authorized to do business in Massachusetts.

7. Defendant, Richard J. Boudreau & Associates, LLC is a "debt collector" within the meaning of the FDCPA 15 USC § 1692a(6).

8. Defendant, Richard J Boudreau & Associates, LLC and Richard J Boudreau & As are "furnishers of information" within the meaning of the FCRA [15 U.S.C. § 1681s- 2 et seq

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PRELIMINARY STATEMENT

10. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 *et seq.* Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et. Seq. Massachusetts Fair Credit Reporting Act ("M.G.L. C 93§ 50-68"). Regulation of Business Practice and Massachusetts Protection Act ("M.G.L. c. 93A § 1-11") a.k.a. the Code of Massachusetts Regulation ("CMR")209 CMR 18.00.

## FACTUAL ALLEGATIONS

11. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due on a personal account to Discover Card or some other creditor (hereinafter the "Account").

12. The Account is a "debt" as the term is defined by 15 U.S.C. §1692a(5).

13. Plaintiff disputes the Account.

14. Prior to filing this complaint the Defendant, acting through it's representatives, employees and/or agents, made a telephone call to the Plaintiff at his cellular telephone #. This telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

15. the purpose of these telephone calls was an attempt to collect on the account.

16. The telephone call conveyed information regarding the Account directly or indirectly to the Plaintiff.

17. The telephone call constituted a "communication" as defined by 15 U.S.C. §1692a(2).

18. The Defendant and/or representatives, employees and/or agents, made the telephone call to the Plaintiff for the purpose and attempt to collect the Account.

19. On September 14, 2012 Defendant called Plaintiff's cellular telephone attempting to collect a the Account..

20. On September 6, 2012 and again on September 11, 2012 Richard J. Boudreau & As obtained my personal credit report from Experian without permissible purpose.

21. In November of 2012 I received a letter from Richard J Boudreau & Associates, LLC claiming I owed them $1265.28 for a debt. Prior to receiving aforementioned letter I never heard of Richard J Boudreau & Associates, LLC.

### COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS RICHARD J BOUDREAU & ASSOCIATES, LLC AND RICHARD J BOUDREAU & AS

22. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

23. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

24. Defendants, Richard J Boudreau & Associates, LLC. and Richard J Boudreau & As are furnishers of information within the meaning of the FCRA, 15 U.S.C.§1681s-2.

25. Defendants, Richard J Boudreau & Associates, LLC. and Richard J Boudreau & As willfully violated the FCRA 15 U.S.C.§1681b(f) by obtaining plaintiff's consumer credit

report on September 6, 2012 and September 11, 2012 without a permissible purpose as defined by 15 U.S.C.§1681b.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $2,000 ($1,000 per violation) against Richard J Boudreau & Associates, LLC. and Richard J Boudreau & As for actual or statutory damages and attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANT RICHARD J BOUDREAU & ASSOCIATES, LLC AND RICHARD J BOUDREAU & AS

26. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

27. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

28. Defendants, Richard J Boudreau & Associates, LLC. and Richard J Boudreau & As are furnishers of information within the meaning of the FCRA, 15 U.S.C.§1681s-2.

29. Defendants, Richard J Boudreau & Associates, LLC. and Richard J Boudreau & As negligently violated the FCRA 15 U.S.C. §1681b(f) by obtaining plaintiff's consumer report from Experian on September 6, 2012 and on September 11, 2012 without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Richard J Boudreau & Associates, LLC. and Richard J Boudreau & As for the amount of $2,000 ($1,000 per violation) for actual or statutory damages and attorney's fees and costs, pursuant to 15 U.S.C. §1681o

## COUNT III

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT RICHARD J BOUDREAU & ASSOCIATES, LLC

30. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

31. Defendant violated 15 U.S.C. §1692e(4) Nonpayment of any debt will result in wage garnishment.

32. Defendant violated 15 U.S.C. §1692e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken.

33. Defendant violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. Plaintiff need only demonstrate one (1) violation of the FDCPA to be entitled to a favorable judgment, "Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

WHEREFORE, Plaintiff demands judgment for damages in the amount of $1,000 against Boudreau & Associates, LLC for actual or statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT IV

**VIOLATIONS OF THE CODE OF MASSACHUSETTS REGULATIONS ("C.M.R."), 209 C.M.R. 18.00 et seq. aka M.G.L. 93 § 24-48 BY DEFENDANT RICHARD J BOUDREAU & ASSOCIATES, LLC**

35. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

36. Plaintiff is a Consumer within the meaning CMR 18.02

37. Debt is within the meaning of CMR 18.02

38. Defendants Boudreau & Associates, LLC is a Debt Collector within the meaning of CMR 18.02

39. Defendants Boudreau & Associates, LLC violated ("CMR") 209 CMR 18.00 a.k.a.15 U.S.C. §1692e.

40. Defendant's violations include, but are not limited to the following:

(1)(a) CMR 18.14 Communication with the consumer generally, without prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction a debt collector may not communicate with a consumer in connection with the collection of any debt.

(b) CMR 18.16(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(c) CMR 18.18 Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(I). the amount of the debt;

(II). the name of the creditor to whom the debt is owed;

(III). a statement that unless the consumer, within thirty days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(IV), a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(V). a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current c reditor.

(2). If the consumer notifies the debt collector in writing within the thirty-day period described in 209 CMR 18.18(1) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(3)A debt collector shall provide to a consumer or any attorney for a consumer within five business days the following:

(a) All papers or copies of papers, in the possession of the debt collector which bear the signature of the consumer and which concern the debt being collected;

(b) A ledger, account card, or similar record in the possession of a debt collector, which reflects the date and amount of payments, credits, and charges concerning the debt.

(4)The failure of a consumer to dispute the validity of a debt under 209 CMR 18.18 may not be construed by any court as an admission of liability by the consumer.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Boudreau & Associates, LLC in the amount of $1,000 for actual or statutory damages, as well as attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act (FDCPA)15 U.S.C.§1692k

41. Plaintiff sent a notice to Richard J Boudreau & Associates, LLC in an attempt to reach a settlement before taking any civil actions against the defendant. The defendant never responded, therefore Plaintiff seeks damages in this honorable court.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants Richard J Boudreau & Associates, LLC. and Richard J Boudreau & As for **$6,000** for actual or statutory damages, as well as attorney's fees and costs, pursuant to 15 U.S.C.§1681n.(a)(3), 15 U.S.C. §1681o (a) and 15 U.S.C.§1692k.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: February 27, 2013

Respectfully submitted,

Shaun J. McHugh Pro Se
38 Ransom Road Unit 12A
Brighton, MA 02135